UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RONNY E. SHAW,<br><br>    Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>    Defendant. | No. CV-06-083-CI<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY JUDGMENT<br>AND DENYING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 13, 15.) Attorney Jeffrey Schwab represents Plaintiff; Assistant United States Attorney Pamela J. DeRusha and Special Assistant United States Attorney David R. Johnson represent Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 5.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment, and remands the matter to the Commissioner for additional proceedings.

**JURISDICTION**

On February 20, 2002, plaintiff Ronny Shaw (Plaintiff) protectively filed his applications for disability insurance benefits and Social Security Income benefits. (Tr. 74, 529.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

Plaintiff alleged disability due to anxiety, panic attacks, learning disability, and back problems, with an onset date of November 1, 2001. (Tr. 71, 85.) On reconsideration, Plaintiff alleged anxiety, depression, angina attacks and agoraphobia as disabling impairments. (Tr. 45, 47.) Benefits were denied initially and on reconsideration. (Tr. 47.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Mary Reed on April 19, 2004. (Tr. 547-634.) Plaintiff, who was represented by counsel, testified. Medical expert R. Thomas McKnight, Ph.D., and vocational expert Dennis Dexter also testified. (Tr. 547.) The ALJ denied benefits and the Appeals Council denied review. (Tr. 15-29, 9-11.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. At the time of the hearing, Plaintiff was 42 years old and had an eighth grade education. He testified that he was in special education during school. (Tr. 576-77.) He had two children who did not live with him and he was not married. (Tr. 271, 577.) He had past relevant work as a landscape laborer, kitchen food assembler, janitor and construction worker. (Tr. 27, 102-09, 624-25.) He had a history of chronic alcohol abuse, including inpatient and outpatient treatment and alcohol-related convictions. (Tr. 472-79, 485.)

**ADMINISTRATIVE DECISION**

At step one, ALJ Reed found Plaintiff had not engaged in substantial gainful activity during the relevant time. (Tr. 19.)

At step two, she found Plaintiff had severe impairments of alcohol addiction and borderline intellectual functioning ("BIF"). (Tr. 23.) At step three, she determined these impairments met the requirements of section 12.09 (substance addiction) and 12.05 (mental retardation) of 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 ("Listings"). She found drug and alcohol abuse a contributing factor material to the determination of disability at step three. (Tr. 28.) She then considered BIF without drug and alcohol abuse, and found it was a severe impairment, which "causes mild restriction on activities of daily living; moderate limitations in social function and the ability to maintain concentration, persistence or pace; and no episodes of decompensation each of extended duration." (Tr. 24.) Thus, the ALJ concluded the BIF impairment, absent alcohol addiction, did not meet or equal the Listings. The ALJ found Plaintiff's allegations not totally credible. (Tr. 25, 28.) At step four, she considered Plaintiff's BIF without substance addiction and determined Plaintiff had a residual functional capacity (RFC) of no exertional limitations and the following non-exertional limitations: he was limited to simple repetitive tasks that do not require reading, math and writing; he needed instructions repeated to him several times when given new tasks or work changes; and he should have no interaction with the public. (Tr. 27, 28.) The ALJ found Plaintiff, absent the effects of alcohol addiction, could perform his past relevant work as janitor, construction worker and landscape laborer, and was, therefore, not under a "disability" as defined by the Social Security Act. (Id.)

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other

|   |   |
|---|---|
| 1 | kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components. |
| 2 | |
| 3 | |
| 4 | In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f).  "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)). |

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred in finding Plaintiff's alcohol abuse was a contributing

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

factor material to his impairments.  (Ct. Rec. 13 at 11, 13.)

**DISCUSSION**

**A.   Steps Two and Three: Listing 12.05 and 12.09.**

Defendant concedes the ALJ erred at step two and three when she erroneously found Plaintiff had severe impairments which met the Listings for substance addiction (12.09) and mental retardation (12.05). (Ct. Rec. 16 at 6 n.3; Tr. 23.)  This legal error requires remand as it taints the ALJ's sequential evaluation as required by 20 C.F.R. §§ 404.1535, 416.935[1] and *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001).

Section 12.00 of the Listings states in relevant part:

> The structure of the listing for substance addiction disorders, 12.09, is also different from that for the other mental disorder listings.  Listing 12.09 is structured as a reference listing; that is, it will only serve to indicate which of the other listed mental or physical impairments must be used to evaluate the behavioral or physical changes resulting from regular use of addictive substances.

20 C.F.R. Part 404, Subpt. P, App. 1, Section 12.00A.

Section 12.09 (*Substance Addiction Disorders*) provides:

> Behavioral changes or physical changes associated with the regular use of substances that affect the central nervous system.
>
> The required level of severity for these disorders is met when the requirements in any one of the following (A through I) are satisfied.
>
> A.   Organic mental disorders. Evaluate under 12.02.

---

[1] If there is evidence of substance abuse and the individual succeeds in proving he is disabled, the Commissioner must determine whether the drug or alcohol abuse is material to the determination of disability.  20 C.F.R. §§ 404.1535, 416.935.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

```
B.   Depressive disorders. Evaluate under 12.04.
C.   Anxiety disorders. Evaluate under 12.06.
D.   Personality disorders. Evaluate under 12.08.
E.   Eperipheral neuropathies. Evaluate under 11.14.
F.   Liver damage. Evaluate under 5.05.
G.   Gastritis. Evaluate under 5.04.
H.   Pancreatitis. Evaluate under 5.08
I.   Seizures. Evaluate under 11.02 or 11.03.
```

20 C.F.R. Part 404, Subpt. P, App. 1, Section 12.09.

The ALJ found Plaintiff had a severe impairment of mental retardation (12.05), which does not satisfy the requirements for 12.09. Further, this finding is not supported by substantial evidence. To meet the Listing under 12.05, Plaintiff must test a full scale IQ of no higher than 70. 20 C.F.R. Part 404, Subpt. P, App. 1, Section 12.05(B)(C). Plaintiff consistently showed a full scale IQ of 72 or higher. (Tr. 295, 316.)

To satisfy step two's requirement of a severe impairment, the Plaintiff must provide medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. §416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20. C.F.R. § 416.929. The Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be not severe *only* when evidence establishes a "slight abnormality" on an individual's ability to work. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (citing Social Security Ruling 85-28). The ALJ must consider the combined effect of all of the claimant's impairments on the ability to function, without regard to whether each alone was sufficiently severe. *See* 42 U.S.C. § 423(d)(2)(B) (Supp. III 1991).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

The step two inquiry is a *de minimis* screening device to dispose of groundless or frivolous claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-154.[2]

Where drug or alcohol addiction is a consideration, the Commissioner must evaluate severity with and without the effects of substance addiction. *Bustamante*, 262 F.3d at 955. Here, the record includes reports from various examining and reviewing psychologists and Plaintiff's mental health counselor that diagnose anxiety, panic and depressive disorders and/or indicate severe and marked limitations these impairments. (Tr. 210, 212, 275, 295, 309, 517.) The ALJ rejected these opinions because they did not "consider the claimant's alcohol addiction" or because the record showed Plaintiff was drinking at the time of the assessments. (Tr. 26.) As discussed below, this is error, as the Regulations require an initial evaluation of impairments with the effects of alcoholism. *Id.; see also Salazar*, 468 F.3d 615, 626 (9th Cir. 2006).

**B.  Sequential Evaluation in the Context of Substance Addiction**

The Contract with America Advancement Act of 1996 amended the Social Security Act, providing that "an individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's

---

[2] A mental impairment generally is considered non-severe for purposes of step two if the degree of limitation in the three functional areas of activities of daily living, social functioning, and concentration, persistence or pace is rated as "none" or "mild" and there have been no episodes of decompensation. 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

determination that the individual is disabled." 42 U.S.C. 423(d)(2)(C). Special statutes and regulations govern disability claims that involve substance abuse.

Under the Regulations implemented by the Commissioner, the ALJ must follow a specific analysis that incorporates the sequential evaluation discussed above. 20 C.F.R. § 404.1535(a), 416.935(a). The ALJ must conduct the five-step inquiry without attempting to determine the impact of substance addiction. If the ALJ finds that the claimant is not disabled under the five-step inquiry, the claimant is not entitled to benefits and there is no need to proceed with further analysis. Id. If the ALJ finds that claimant is disabled, and there is evidence of substance abuse, the ALJ should proceed under the sequential evaluation and §§ 404.1535 or 416.935 to determine if the claimant would still be disabled absent the substance abuse. *Bustamante*, 262 F.3d at 955.

In support of his argument that alcoholism is not material to his mental disability, Plaintiff cites an emergency teletype sent out by the Commissioner that addressed questions on the application of the new law when a claimant has mental impairments in addition to substance addiction. In *Salazar v. Barnhart*, the Ninth Circuit quoted the teletype with approval in its analysis of a substance addiction case, stating, "[the teletype] stresses the need for careful examination of periods of abstinence and also directs that if the effects of claimant's mental impairments cannot be separated from the effects of substance abuse, the DAA [drug and alcohol abuse] is *not* a contributing factor material to the disability determination." *Salazar*, 468 F.3d at 623. The referenced teletype

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

addressed the interplay between substance abuse and mental impairments as follows:

> We know of no research data upon which to reliably predict the expected improvement in a coexisting mental impairment(s) should drug/alcohol abuse stop. The most useful evidence that might be obtained in such cases is that relating to a period when the individual was not using drugs/alcohol. Of course, when evaluating this type of evidence consideration must be given to the length of the period of abstinence, how recently it occurred, and whether there may have been any increase in the limitations and restrictions imposed by the other mental impairments since the last period of abstinence. When it is not possible to separate the mental restrictions and limitations imposed by DAA and the various other mental disorders shown by the evidence, a finding of "not material" would be appropriate.

*Id. (Citing Cox, Dale, Social Security Administration, Emergency Teletype, August 30, 1996, available at www.ssas.com/daa-q&a.htm; see also McGoffin v. Barnhart*, 288 F.3d 1248, 1253 (10th Cir. 2002) (*citing* the Social Security Administration's teletype).

Nonetheless, Plaintiff still has the burden of proving his alcoholism is not a contributing factor material to a disability finding. *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001). Plaintiff must provide competent evidence of a period of abstinence and medical source opinions relating to that period sufficient to establish his alcoholism is not a contributing factor material to his alleged mental impairments.

On remand, the ALJ will conduct a new sequential evaluation, applying the standards and procedures in evaluating the medical evidence with and without the effects of substance abuse. If, at steps two and three, she determines Plaintiff is disabled under Listing 12.09 and an appropriately referenced mental impairment, she is required to conduct another sequential evaluation to "separate

out" non-substance abuse impairments and determine if Plaintiff would be disabled even if he stopped abusing alcohol.  *Id.*  Plaintiff may submit additional records covering the time period at issue, including drug testing results, if available, from Grant County Prevention and Recovery Center (PARC) and law enforcement, documenting alleged periods of abstinence.

## CONCLUSION

The ALJ's steps two and three findings that Plaintiff is disabled under 12.09 and 12.05 are based on legal error and not supported by substantial evidence.  Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13 )** is **GRANTED**.  This matter is remanded to the Commissioner for additional proceedings pursuant to sentence four of 42. U.S.C. § 405(g);

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 15)** is **DENIED;**

3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED January 24, 2007.


                          S/ CYNTHIA IMBROGNO
                       UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11