```
                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF WASHINGTON
```

| | |
|---|---|
| RONNY E. SHAW, | ) |
| Plaintiff, | ) No. CV-06-083-CI |
| v. | ) ORDER DENYING DEFENDANT'S |
| | ) MOTION TO ALTER or AMEND |
| MICHAEL J. ASTRUE, | ) JUDGMENT |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

BEFORE THE COURT is Defendant's Motion to Alter or Amend Judgment (Ct. Rec. 19.) Attorney Jeffrey Schwab represents Plaintiff; Assistant United States Attorney Pamela J. DeRusha and Special Assistant United States Attorney David R. Johnson represent Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 5.)

On January 24, 2007, the court entered an Order Granting Plaintiff's Motion for Summary Judgment (Order) and remanded the case to the Commissioner for additional proceedings under sentence four of 42 U.S.C. § 405(g). (Ct. Rec. 17.) Defendant now asks the court to (1) alter or amend the Order to reflect accurately the ALJ's Finding 3 (Tr. 28); (2) find the ALJ's erroneous finding that Plaintiff met the Listing requirements for section 12.05 was

ORDER DENYING DEFENDANT'S MOTION TO ALTER or AMEND JUDGMENT - 1

harmless, and (3) affirm the Commissioner's decision. (Ct. Rec. 20 at 2-3.)  Plaintiff opposes the Motion.  (Ct. Rec. 25.)

Finding 3

Defendant asserts the court mistakenly stated at page 7, line 7 of the Order that the ALJ found Plaintiff had a severe impairment of mental retardation, when in fact the ALJ made the step two finding that Plaintiff's "alcohol addiction and borderline intellectual functioning are considered 'severe.'" (Ct. Rec. 20 at 2; Tr. 28, Finding 3.)  The step two finding accurately was stated at page 3, line 1 of the Order.  (Ct. Rec. 17 at 3.)  The Order is **AMENDED** to correct the inconsistency.[1]

This amendment does not alter, however, the errors in the ALJ's determination at step three that, with drug and alcohol abuse considered, the severity of the Plaintiff's impairments meets the requirements of Listings 12.05 and 12.09, errors which require remand.  (*See* Tr. 28, Finding 5.)

Step Two and Step Three Errors

As correctly stated by Defendant in his initial briefing,

> The ALJ found Plaintiff met Listing 12.05 and Listing 12.09 (Tr. 23, 28).  The Commission notes that these are errors in Plaintiff's favor.  Plaintiff cannot meet the Listing 12.05 because Plaintiff's lowest IQ score is 72 and Listing 12.05 requires a score of 70 or lower. See 20 C.F.R. pt. 404, subpt. P, app. 1 Listing 12.05.  Plaintiff cannot meet Listing 12.09, because that Listing can only be met when another referenced Listing is met and Listing 12.05 is not one of the reference Listings. See id. at Listing 12.09.  If the Court determines remand is necessary, further proceedings would be required to correctly

---

[1] The Order also is amended to reflect that *Salazar v. Barnhart,* 468 F.3d 615 (10th Cir. 2005) is a Tenth Circuit case.

ORDER DENYING DEFENDANT'S MOTION TO ALTER or AMEND JUDGMENT - 2

Case 2:06-cv-00083-CI   Document 27    Filed 03/21/07

reevaluate the step three findings. (Ct. Rec. 16 at 6 n.3.)

Defendant argues the ALJ's finding that Plaintiff met Listing 12.05 (mental retardation) should be found "harmless" under *Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006), because the ALJ considered the effects of alcoholism and drug abuse and found Plaintiff disabled, and then did the separating out evaluation as required by *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). Defendant contends Plaintiff cannot improve his position on remand. (Ct. Rec. 20 at 2-3.)

Notwithstanding Defendant's assertion that the ALJ's error regarding Listing 12.05 is harmless, and without addressing the correctness of that assertion, remand is necessary to address the erroneous finding that Plaintiff met the Listing under 12.09. Defendant does not contend that this error is harmless.

As stated by Defendant, Listing 12.09 can only be met if one of the referenced listings are met. Referenced Listings include sections 12.04, 12.06 or 12.08. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.09.² The ALJ's failure to find Plaintiff met the

---

² Section 12.09 (*Substance Addiction Disorders*) provides:

Behavioral changes or physical changes associated with the regular use of substances that affect the central nervous system.

<u>The required level of severity for these disorders is met when the requirements in any one of the following</u> (A through I) <u>are satisfied</u>.

A.   Organic mental disorders. Evaluate under 12.02.
B.   Depressive disorders. Evaluate under 12.04.
C.   Anxiety disorders. Evaluate under 12.06.
D.   Personality disorders. Evaluate under 12.08.
E.   Eperipheral neuropathies. Evaluate under 11.14.
F.   Liver damage. Evaluate under 5.05.

ORDER DENYING DEFENDANT'S MOTION TO ALTER or AMEND JUDGMENT - 3

Listings for one or more of the mental impairments referenced in Listing 12.09 taints the ALJ's subsequent analysis under 20 C.F.R. §§ 404.1535, 416.935, and *Bustamante,* which involves two separate sequential evaluations: one with the effects of substance addiction and one without the effects.

As Defendant concedes, the ALJ erred in her first evaluation of impairments with the effects of substance addiction. (Ct. Rec. 20 at 3.) Specifically, at step two, she did not find Plaintiff had severe mental impairments under one of the referenced Listings (in this case, 12.04, 12.06, and/or 12.08) <u>with</u> the effects of alcohol, even though substantial evidence existed to support such a finding.[3] Therefore, she could not make a step three finding that Plaintiff was disabled because he met the severity requirements of 12.09. To meet the severity requirements of Listing 12.09, Plaintiff must also meet the severity requirements 12.04, 12.06 and/or 12.08. Remand,

---

```
     G.   Gastritis. Evaluate under 5.04.
     H.   Pancreatitis. Evaluate under 5.08
     I.   Seizures. Evaluate under 11.02 or 11.03.
```

20 C.F.R. Part 404, Subpt. P, App. 1, Section 12.09. (Emphasis added).

[3] As discussed in the Order Granting Plaintiff's Motion for Summary Judgment, Plaintiff submitted substantial evidence showing medically determinable mental impairments with the effects of alcohol that caused marked and severe limitations. (Ct. Rec. 17 at 8.) Rather than first determining the severity of these mental impairments at step two with the effects of alcohol, the ALJ erroneously rejected the opinions of examining and reviewing psychologists because the reports assessed Plaintiff while he was abusing alcohol. (Tr. 21.)

ORDER DENYING DEFENDANT'S MOTION TO ALTER or AMEND JUDGMENT - 4

therefore, is necessary to conduct a complete and proper substance addiction analysis and make findings consistent with the requirements of the Regulations.

The court declines to find these errors are harmless. An error may be considered harmless where the error "occurred during an unnecessary exercise or procedure"; is non-prejudicial to the Plaintiff; is considered irrelevant to the determination of non-disability; or if the reviewing court can "confidently conclude" that no reasonable ALJ could have reached a different disability determination if erroneously disregarded evidence was credited. *Stout v. Commissioner, Social Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). The exclusion of Plaintiff's medically determinable mental impairments at step two (severe and non-severe) and at step three during the first evaluation <u>with</u> the effects of alcohol is clearly prejudicial to the Plaintiff; it precludes the inclusion of these impairments, in combination with borderline intellectual functioning, in the ALJ's second "separating out" evaluation, <u>without</u> the effects of alcohol. *See* 20 C.F.R. §§ 404.1545(e), 416.945(e) (the total limiting effects of all impairments and symptoms are considered in assessing claimant's ability to work). It is not conclusive that a reasonable ALJ, considering Plaintiff's limitations caused by all severe and non-severe mental impairments, in combination with borderline functioning, without the effects of drugs and alcohol, will determine Plaintiff was not disabled as defined by the Social Security Act. *Id*. Finally, it is the ALJ's obligation to determine the severity of a medically determinable impairment, and evaluate the combined effects of non-severe and severe impairments on Plaintiff's ability to work. 20 C.F.R. §

404.1523; *Stout*, 454 F.3d at 1054.  The ALJ's errors at steps two and three are not harmless; upon correction of the noted clerical mistakes, the Order shall remain in effect.  Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion to Alter or Amend Judgment is **DENIED;**

2. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.

DATED March 21, 2007.

                    S/ CYNTHIA IMBROGNO
              UNITED STATES MAGISTRATE JUDGE